UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

|  |  |
|---|---|
| **NOAH A. DAVIS**, ) | |
| ) | CASE NO.: |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **ROBERT W. MALLEY**, Individually, ) | |
| and **MICHELLE COOK** ) | |
| in her official capacity as Sheriff ) | |
| of Clay County, Florida, ) | |
| ) | |
| Defendants. ) | |
| _____/ | |

## COMPLAINT FOR DECLARATORY JUDGMENT AND DAMAGES

Plaintiff, NOAH A. DAVIS, files this Complaint against ROBERT W. MALLEY, and MICHELLE COOK, in her official capacity as Sheriff of Clay County, pursuant to 42 U.S.C. §1983, seeking a judgment declaring that his arrest and incarceration were unconstitutional under the First and Fourth Amendments to the United States Constitution and under Florida law. Plaintiff further prays for an award of damages for the losses occasioned by the unconstitutional application of state law against the Plaintiff.

## JURISDICTION

1.    This suit is brought pursuant to 42 U.S.C. §1983:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

2.      This Court has "Federal Question" jurisdiction pursuant to 28 U.S.C. §1331 to hear cases arising under the Constitution of the United States, under 28 U.S.C. §1343(3) to redress the deprivation under color of state law of any right, privilege or immunity secured by the Constitution, and under 28 U.S.C. §1343(4) to secure equitable or other relief for the protection of civil rights.

3.      The Court has the authority to issue declaratory judgments and permanent injunctions pursuant to 28 U.S.C. §§2201 and 2202, and Rule 65, Fed.R.Civ.P.

4.      This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367

5.      The Court may enter an award of attorney's fees pursuant to 42 U.S.C. §1988.

6.      This Complaint seeks declaratory relief with respect to violations of the Plaintiff's rights, privileges and immunities under the Constitution of the United States and Title 42 U.S.C. §§ 1983 and 1988, specifically seeking redress for the deprivation under color of state statute, ordinance, regulation, custom or usage of

rights, privileges, and immunities secured by the Constitution and laws of the United States. The rights sought to be protected in this cause of action arise and are secured under the First and Fourth Amendments to the Constitution.

7.    This action seeks a judicial determination of issues, rights and liabilities embodied in an actual and present controversy between the parties involving the constitutionality of certain practices and actions of the Defendants. There are substantial *bona fide* doubts, disputes, and questions that must be resolved concerning the Defendants' actions taken under color and authority of "state" law and procedures, in violation of Plaintiff's rights under the First and Fourth Amendments to the United States Constitution and under state law.

## VENUE

8.    Venue is proper in the Middle District of Florida, Jacksonville Division, since the actions complained of herein took place in  Clay County, Florida, which is within the district and geographical area assigned to the Jacksonville Division.

## PARTIES

9.    Plaintiff NOAH A. DAVIS, is an individual, *sui juris*, who resides in Glen St. Mary, Baker County, Florida.

10.    At all times relevant hereto Defendant ROBERT W. MALLEY (hereinafter referred to as "MALLEY") was a sworn law enforcement officer employed by the Sheriff of Clay County, Florida.

11.    Defendant, MICHELLE COOK ("COOK" or "Sheriff"), is the Sheriff of Clay County, Florida, and is sued only in her official capacity.

## COLOR OF STATE LAW

12.    As law enforcement officers acting under the authority of the Florida Constitution and Florida statutes, Defendant COOK and her deputies, officers, employees and agents, including Defendant MALLEY, were, and are, acting under color of state law and authority. Plaintiff's arrest and incarceration is an action taken under color of state law and constitutes state action within the meaning of 42 U.S.C. §1983.

## PLAINTIFF'S SPEECH ACTIVITIES

13.    Plaintiff believes there is value in both expressing oneself and doing so in a way intended to challenge authority; if the task can be accomplished through a single humorous message, so much the better.

14.    On the afternoon of Thursday, October 29, 2020, Plaintiff displayed a small hand-held sign which included a printed message - "Eat a Bag of Dicks!!!!! - as well as an associated graphical display: a bag of chicken wings from Dick's Wings and Grill.

15.    Plaintiff displayed this hand-held sign and  chicken wings while standing on the public sidewalk along a public street at 395 Blanding Boulevard, Orange Park, Clay County, Florida.

16.    The particular location of Plaintiff's display is a busy commercial

intersection between State Road 224 (Kingsley Road) and State Road 21 (Blanding

Boulevard).

17.    The following is an aerial view of the area where Plaintiff displayed his

sign:



Source: Google Maps, https://www.google.com/maps/place/395+Blanding+Blvd,+

Orange+Park,+FL+32073/@30.1648229,-81.7477364,121m/data=!3m1!1e3!4m5

!3m4!1s0x88e5c4253428db9b:0x407c601510c0e7d0!8m2!3d30.164818!4d-81.

747462.

18.    The location of Plaintiff's communication is a quintessential public

forum.

19.    Dicks Wings & Grills is a franchise of casual-dining restaurants initially opened in Jacksonville, Florida and now present at 18 locations in Florida and Georgia. *See*, https://dickswingsandgrill.com/ (last accessed 6/9/22). Dick's Wings presents a typical American menu featuring items such as fried pickles, burgers, nachos and, of course, chicken wings. *See*, https://dickswingsandgrill.com/; https://dwg.menuflow.com/pro_single/2402 [Arlington location] (last accessed 7/28/22).

20.    Plaintiff's sign and associated demonstrative aid clearly conveyed a message.

21.    Plaintiff's message is open to interpretation, but the range of interpretations is relatively narrow:

A.    Plaintiff's intended message – and the one understood by the arresting officer – was the publication of a humorous, if sophomoric, double entendre. On the one hand, the sign could be read as an advertisement for Dick's Wings; on the other it could be an invitation to consume several penises.

B.    A person not aware that the word "dick" can be a reference to the male reproductive and excretory organ might have understood the sign to be a mere commercial advertisement for the local restaurant chain.

C.    A person capable only of a literal interpretation of words might conclude that Plaintiff was advocating for the actual consumption of penises for food.[1]

D.    The words could also be construed as an impolite colloquialism along the lines of "go jump in a lake" or "go pound sand".

22.    Plaintiff's intended humorous message is protected by the First Amendment.

23.    All of the possible meanings or interpretations of Plaintiff's sign are likewise protected by the First Amendment.

24.    Plaintiff's sign is not obscene in any way: it does not refer to any explicit sexual acts nor is it accompanied by any sexually graphic images; no nudity or sexual contact is described or displayed and there is no appeal to any prurient interest.

25.    Plaintiff's sign could not be construed as "fighting words". Even if one adopted the construction that the message was an impolite invitation to "fuck off",

---

[1] There are numerous recipes for penis available on the Internet. *See, e.g.*, "Chongqing-style Penis with Wolfberries", https://www.seriouseats.com/chongqing-style-beef-penis-with-wolfberries-recipe (last accessed 6/9/22); "Penis stew", http://www.grouprecipes.com/59411/penis-stew.html (last accessed 6/9/22); "Dick soup" [stag penis], https://www.buzzfeed.com/luckypeach/how-to-make-dick-soup (last accessed 6/9/22).

the message was not directed to any individual, the content does not fit within any of the personal invectives supporting a charge of fighting words, and the facts show that there was no public riot or disruption.

26.    Plaintiff's sign does not fit within any of the other categories excluded from First Amendment protections such as criminal conspiracy or defamation.

27.    It is well established that an individual has a First Amendment right to stand on a public right-of-way passively holding a sign – even an offensive or indecent sign.

**PLAINTIFF'S ARREST AND PROSECUTION**

28.    According to the police report discussed below, a local resident named Justin Milliken called the Clay County Sheriff's Office to complain that his four year old daughter was offended by Plaintiff's sign.

29.    Defendant MALLEY responded to the call for service.

30.    Defendant MALLEY ordered Plaintiff to stop holding the "offensive" sign because passersby were offended.

31.    Plaintiff declined to put down his sign and continued to waive it as he had before the police arrived.

32.    Defendant MALLEY then arrested Plaintiff because Plaintiff did not "listen[] to verbal commands to stop" and was not "following lawful orders".

33.    At one point in their encounter Defendant MALLEY reached for Plaintiff's sign in an effort to make him put it down. Plaintiff twisted and pulled away from the Deputy so that he could not reach the sign.

34.    Defendant MALLEY arrested Plaintiff, placed him in handcuffs and took him to jail where he was incarcerated.

35.    Plaintiff was booked on two charges: disorderly conduct ("disturbing the peace") and resisting arrest without violence.

36.    A copy of the arrest report prepared by Defendant MALLEY is attached as Exhibit "1" to this Complaint.

37.    The arrest report states that "[t]he offender is not affiliated with Dicks Wings in anyway" (sic). That is a true statement: Plaintiff is not employed by or otherwise affiliated with Dick's Wings and Grill.

38.    The arrest report does not state whether Defendant MALLEY would have arrested Plaintiff had he been employed by Dick's Wings and Grill or otherwise been formally associated with that restaurant.

39.    The determination of whether Plaintiff was or was not employed by Dick's is irrelevant; employees of Dick's Wings and Grill do not have a greater First Amendment right to convey a message than does Plaintiff, as MALLEY obviously believed.

40.    Plaintiff was held overnight in the County jail until first appearance, when he was released on recognizance.

41.    While in jail, Plaintiff was made fun of relentlessly by corrections officers who referred to him as "The Mad Dickster". When his booking photograph was taken officers told him to "Say Dickster".

42.    Plaintiff had never previously been arrested or detained and found the experience at the jail to be traumatic. He continues to suffer anxiety as a result of this experience and has received counseling for an "adjustment disorder with anxiety".

43.    Criminal charges were filed against Plaintiff in the County Court of the Fourth Judicial Circuit, Clay County in Case No.: 10-2020-MM-1657. The charges alleged violations of (1) §877.03, Fla.Stat. - disorderly conduct ("disturbing the peace"); and (2) §843.02, Fla.Stat. - resisting a law enforcement officer without violence.

44.    The Court granted Plaintiff's Motion to Dismiss the charges by Order dated November 10, 2021. A copy of the said Order is attached as Exhibit "2" to this Complaint.

45.    Defendant MALLEY caused DAVIS to be falsely arrested and imprisoned without probable cause, arguable probable cause or reasonable suspicion of having committed any crime.

46.    The law in Florida and the Eleventh Circuit is well established that a disorderly conduct charge cannot be based on "mere words" unless the communication constitutes "fighting words". *See*, State v. Saunders, 339 So.2d 641 (Fla. 1976); Alston v. Swarbrick, 954 F.3d 1312 (11th Cir. 2020).

47.    No reasonable officer in MALLEY's position could have believed there was probable cause to arrest Plaintiff under the Florida disorderly conduct statute.

48.    The law in Florida and the Eleventh Circuit is well established that a charged for resisting arrest without violence cannot be sustained absent a valid underlying arrest. *See*, State v. Espinosa, 686 So.2d 1345, 1347 (Fla. 1996) *citing* State v. Saunders, *supra* ("[T]he law is well settled that the legality of the arrest is an element of the offense of resisting arrest without violence.").

49.    Florida law also recognizes a common law right to resist arrest without violence where the arrest is unlawful. *See*, Robbins v. City of Miami Beach, 613 So.2d 580 (Fla. 3d DCA 1993), *citing* K.Y.E. v. State, 557 So.2d 956 (Fla. 1st DCA 1990).

50.    No reasonable officer in MALLEY's position could have believed there was probable cause to arrest Plaintiff for resisting an officer without violence.

51.    MALLEY's censorial intent is further shown by the fact that he elected to effect a custodial arrest of the Plaintiff rather than issuing a notice to appear. Either one would result in Plaintiff answering for his alleged violation, but only a physical

arrest would actually result in the direct and immediate censorship of Plaintiff's speech.

## **LACK OF TRAINING**

52.     The Sheriff does not have a training program in place to instruct officers in the law relative to First Amendment speech and, in particular, on the limits the First Amendment and case law have placed on §877.03, Fla.Stat.

53.     MALLEY received either no training from the Sheriff and her supervisory employees, or was inadequately trained by them with respect to basic police practices with respect to citizen speech.

54.     This lapse is seen in the police report where the Deputy was concerned only with the reaction of passersby to Plaintiff's speech and did not even consider Plaintiff's right to engage in speech notwithstanding the "heckler's veto" raised by the complaining citizens.

55.     Because deputies encounter citizens on a daily basis and must make decisions regarding the arrest of citizens believed to have violated the law, it was entirely foreseeable and obvious that the failure to properly train deputies in the fundamental requirements of the First Amendment and the basic standards of probable cause and reasonable suspicion would lead to false arrests and improper charges.

56.    The failure of the Sheriff and that of her officials and supervisory employees to institute and implement an adequate training program to instruct deputies with regard to the fundamental requirements of the First Amendment and the basic standards of probable cause and reasonable suspicion caused DAVIS to be falsely arrested and imprisoned.

57.    Plaintiff's arrest by MALLEY was an unreasonable search and seizure in violation of Plaintiff's rights guaranteed by the Fourth Amendment to the United States Constitution.

58.    Plaintiff served his statutory notice pursuant to §768.28, Fla.Stat. on December 3, 2021.

## DAMAGES AND ATTORNEY'S FEES

59.    Plaintiff has suffered damages as a direct result of Defendants' unconstitutional policies, actions and practices. Plaintiff's damages consist of nominal damages associated with the infringement upon his constitutional rights, as well compensatory damages for his physical, economic and emotional injuries associated with the violation of his constitutional and state-law rights.

60.    Defendants' wrongful acts caused DAVIS to be incarcerated, and deprived of his freedom for an extended period of time. As a result of Defendants' wrongful acts, DAVIS suffered humiliation, embarrassment, and mental anguish, which continues to this day.

61.    Plaintiff has retained Benjamin, Aaronson, Edinger & Patanzo, P.A. as his attorneys to represent him in this action and has agreed to pay them a reasonable fee, which fee Defendants must pay pursuant to 42 U.S.C. §1988.

## COUNT I

**(Content-Based Regulation in Violation of the First Amendment)**

62.    Plaintiff realleges each and every allegation set forth in paragraphs 1 through 3 and 5 through 61 of this Complaint and incorporates them herein by reference.

63.    This cause of action is directed against Defendant MALLEY individually.

64.    This is an action for declaratory and supplemental relief pursuant to Title 28, U.S.C., §2201.

65.    This Court is authorized to award damages for violation of Plaintiff's constitutional rights under 42 U.S.C. §1983.

66.    Plaintiff is uncertain as to his rights and remedies under Florida law and with respect to the Constitution of the United States.

67.    Under the First Amendment to the United States Constitution, Plaintiff has a right to be speak freely on matters of interest to him in a traditional public forum.

68.    Plaintiff believes and herein alleges that his arrest for passively displaying a sign reading "Eat a Bag of Dicks!!!!! (along with or independently of the associated graphical display: a bag of chicken wings from Dick's Wings and Grill) violated his right of free speech under the First Amendment.

69.    In order to determine whether Plaintiff was engaged in disorderly conduct, it was necessary for Defendant MALLEY to read the content of Plaintiff's sign.

70.    Defendant MALLEY arrested Plaintiff because he and others found the words on Plaintiff's sign to be "very offensive".

71.    Defendant MALLEY knew or should have known that merely displaying an offensive sign does not support a charge of disorderly conduct under §877.03, Fla.Stat.

72.    Defendant MALLEY knew or should have known that an individual cannot be arrested for resisting an officer without violence under §843.02, Fla.Stat. in the absence of a valid arrest for another offense.

73.    Defendant MALLEY arrested Plaintiff not because of any articulable offense, but because MALLEY objected to what he believed were "very offensive" words on Plaintiff's sign.

74.    Defendant MALLEY's unlawful arrest of the Plaintiff violated Plaintiff's First Amendment right of free speech.

75.    Defendant MALLEY's unlawful arrest of the Plaintiff led directly to Plaintiff's detention and incarceration and the mental anguish which occasioned those traumatic events.

76.    Plaintiff has been damaged by the violation of his First Amendment rights.

WHEREFORE, Plaintiff prays for the following relief:

A.    That this Court take jurisdiction over the parties and this cause.

B.    That this Court enter a judgment declaring that Defendant MALLEY's arrest of Plaintiff violated Plaintiff's First Amendment right of free speech.

C.    That this Court enter a judgment for damages, both nominal and compensatory, sufficient to compensate the Plaintiff for violation of his right to freedom of expression; together with an award of punitive damages.

D.    That this court award Plaintiff his recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

E.    That this Court award Plaintiff all other relief in law and in equity to which he may be entitled.

## COUNT II
### (42 USC §1983 – Fourth Amendment Violation)

77.    Plaintiff realleges each and every allegation set forth in paragraphs 1 through 3 and 4 and 61 of this Complaint and incorporates them herein by reference.

78.    This cause of action is directed against Defendant MALLEY, individually.

79.    This is an action for declaratory and supplemental relief pursuant to Title 28, U.S.C., §2201.

80.    This Court is authorized to award damages for violation of Plaintiff's constitutional rights under 42 U.S.C. §1983.

81.    Plaintiff is uncertain as to his rights and remedies under Florida law and with respect to the Constitution of the United States.

82.    Under the First Amendment to the United States Constitution, Plaintiff has a right to be speak freely on matters of interest to him in a traditional public forum.

83.    Under the Fourth Amendment to the United States Constitution, Plaintiff has a right to be free from unreasonable seizures, detentions and prosecutions without probable cause.

84.    Plaintiff believes and herein alleges that his arrest for passively displaying a sign reading "Eat a Bag of Dicks!!!!! (along with or independently of the associated graphical display: a bag of chicken wings from Dick's Wings and Grill) violated his rights under the Fourth Amendment.

85.    Defendant MALLEY knew or should have known that merely displaying an offensive sign does not support a charge of disorderly conduct under §877.03, Fla.Stat.

86.    Defendant MALLEY knew or should have known that an individual cannot be arrested for resisting an officer without violence under §843.02, Fla.Stat. in the absence of a valid arrest for another offense.

87.    Defendant MALLEY arrested Plaintiff not because of any articulable offense, but because MALLEY objected to what he believed were "very offensive" words on Plaintiff's sign.

88.    Defendant MALLEY arrested Plaintiff without probable cause, without arguable probable cause or reasonable suspicion of having committed any crime.

89.    Defendant MALLEY's unlawful arrest of the Plaintiff violated Plaintiff's Fourth Amendment right to be free of unreasonable seizures, detentions and prosecutions without probable cause.

90.    Defendant MALLEY's unlawful arrest of the Plaintiff led directly to Plaintiff's detention and incarceration and the mental anguish which occasioned those traumatic events. These injuries could have been avoided had MALLEY honored Plaintiff's First Amendment rights – or even had he elected to issue a notice of appearance rather than effect a custodial arrest.

91.     Plaintiff has been damaged by the violation of his Fourth Amendment rights.

WHEREFORE, Plaintiff prays for the following relief:

A.     That this Court take jurisdiction over the parties and this cause.

B.     That this Court enter a judgment declaring that Defendant MALLEY's arrest of Plaintiff violated Plaintiff's Fourth Amendment right of to be free of unreasonable searches and detentions.

C.     That this Court enter a judgment for damages, both nominal and compensatory, sufficient to compensate the Plaintiff for violation of his Fourth Amendment rights; together with an award of punitive damages.

D.     That this court award Plaintiff his recoverable costs, including reasonable attorney's fees pursuant to 42 U.S.C. §1988.

E.     That this Court award Plaintiff all other relief in law and in equity to which he may be entitled.

## COUNT III

### (State Law Claim - False Arrest)

92.     Plaintiff realleges each and every allegation set forth in paragraphs 1 through 4 and 8 through 60 of this Complaint and incorporates them herein by reference.

93.     This is an action for damages against MALLEY brought under §768.28(9) <u>Fla. Stat.</u> and based on the illegal arrest and detention of Plaintiff.

94.     MALLEY did not have a warrant or Court order authorizing Plaintiff's arrest or detention on October 29, 2020.

95.     MALLEY had no legal basis to physically detain and arrest the Plaintiff.

96.     MALLEY had no probable cause, arguable probable cause or reasonable suspicion to believe that Plaintiff had committed any crime on October 29, 2020.

97.     A reasonable police officer in similar circumstances could not have believed that Plaintiff committed a crime on October 29, 2020, and could not have believed that probable cause, arguable probable cause or reasonable suspicion existed to arrest DAVIS.

98.     Defendant MALLEY arrested Plaintiff because he and others found the words on Plaintiff's sign to be "very offensive".[2]

---

[2]  It should be pointed out that the only individual identified as being offended by Plaintiff's sign was a four year old girl. One must express admiration for this young citizen as it seems that she could both read the sign and understand the humorous sexual double entendre. Quite a feat for someone not yet in kindergarten.

99.    Defendant MALLEY knew or should have known that merely displaying an offensive sign does not support a charge of disorderly conduct under §877.03, Fla.Stat.

100.   Defendant MALLEY knew or should have known that an individual cannot be arrested for resisting an officer without violence under §843.02, Fla.Stat. in the absence of a valid arrest for another offense.

101.   MALLEY arrested Plaintiff, acted in bad faith, or with malicious purpose, or in a manner exhibiting willful disregard of human rights, safety or property to deprive Plaintiff of his freedom and of his civil liberties.

102.   Plaintiff was detained and arrested against his will.

103.   Plaintiff has suffered damages as a direct and proximate result of his illegal arrest and detention, including loss of his freedom, physical discomfort, pain and suffering, fear of physical assault, humiliation and embarrassment, and anxiety which continues to this day.

WHEREFORE, Plaintiff prays for the following relief:

A.    That this Court take jurisdiction over the parties and this cause;

B.    That this Court award Plaintiff compensatory and punitive damages against Defendant MALLEY, individually.

C.    That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

## COUNT IV

**(Negligent Entrustment with Arrest Power – State Law Tort)**

104.   Plaintiff realleges each and every allegation set forth in paragraphs 1 through 4 and 8 through 60 of this Complaint and incorporates them herein by reference.

105.   This is an action under Florida law for damages against the Defendant MICHELLE COOK in her official capacity as Sheriff of Clay County, for the negligence of her officials and supervisory employees in entrusting Defendant MALLEY with arrest powers, when he was not competent to make a probable cause decision to arrest DAVIS.

106.   The Sheriff, her officials and supervisory employees, owed a duty of care to persons investigated by its police officers, including the Plaintiff, to entrust the power of arrest only those officers who were competent to make probable cause decisions.

107.   MALLEY was not competent to make probable cause decisions when he arrested Plaintiff.

108.   The Sheriff, her officials and supervisory employees knew or should have known that MALLEY was not competent to make a probable cause decision to arrest DAVIS or other persons.

109.   It was reasonably foreseeable that MALLEY, would arrest Plaintiff in the absence of probable cause because the City employed him as a law enforcement officer and knew or should have known that he lacked the competence to determine when probable cause is present or absent.

110.   Had the Sheriff and her officials and supervisory employees acted with due care, they would not have entrusted MALLEY, who was not competent to make probable cause decisions, with the power to arrest DAVIS and Plaintiff would not have been falsely arrested and incarcerated.

111.   As a direct and proximate cause of the Sheriff's negligence, and that of her officials and supervisory employees, in entrusting MALLEY with arrest powers notwithstanding his incompetence in making probable cause determinations, Plaintiff suffered damages, loss of his freedom, physical discomfort, pain and suffering, fear of physical assault, humiliation and embarrassment, and anxiety which continued to this day.

WHEREFORE, Plaintiff prays for the following relief:

A.   That this Court take jurisdiction over the parties and this cause;

B.   That this Court award Plaintiff nominal and compensatory  damages, against Defendant MICHELLE COOK in her official capacity as Sheriff of Clay County.

C.    That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

## COUNT V

### (Sheriff's Vicarious Liability for False Arrest – State Law Tort)

112.   Plaintiff realleges each and every allegation set forth in paragraphs 1 through 4 and 8 through 60 of this Complaint and incorporates them herein by reference.

113.   This is an action for damages under §768.28(9) Fla. Stat. against MICHELLE COOK in her official capacity as Sheriff of Clay County, Florida, for the negligent acts of MALLEY.

114.   MALLEY arrested Plaintiff while acting within the scope and authority of this duties as a deputy sheriff,

115.   MALLEY negligently arrested Plaintiff without probable cause, or reasonable suspicion or arguable probable cause to believe that he had committed any crime.

116.   MALLEY's negligent decision to detain and arrest the Plaintiff were not committed in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety or property.

117.    Because of the wrongful acts of MALLEY, Plaintiff was falsely arrested, wrongly   incarcerated and caused to suffer the injuries to his liberty, property, welfare and person described in this Complaint.

WHEREFORE, Plaintiff prays for the following relief:

A.    That this Court take jurisdiction over the parties and this cause;

B.    That this Court award Plaintiff nominal and compensatory  damages, against Defendant MICHELLE COOK in her official capacity as Sheriff of Clay County.

C.    That this Court award Plaintiff his recoverable costs together with all other relief in law and in equity to which he may be entitled.

## **TRIAL BY JURY**

Plaintiff demands trial by jury.

*Respectfully submitted,*

BENJAMIN, AARONSON, EDINGER
& PATANZO, P.A.


 /s/  Gary S. Edinger
_____
DANIEL R. AARONSON, Esquire     GARY S. EDINGER, Esquire
Florida Bar No.: 314579          Florida Bar No. 0606812
1700 East Las Olas Blvd., Suite 202    305 N.E. 1st Street
Ft. Lauderdale, Florida 33301    Gainesville, Florida 32601
(954) 779-1700 (Fax) (954) 779-1771    (352) 338-4440  (Fax) (352) 337-0696
danaaron@bellsouth.net          GSEdinger12@gmail.com

*Attorneys for Plaintiff*

Page 26 of 26